USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: SEP 20 2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- x
PATRICE DAWSON,

                      Plaintiff,

    -against-

WILLIAM BROCK LONG, Administrator of the
Federal Emergency Management Agency,

                    Defendant.
---------------------------------------- x

MEMORANDUM DECISION
AND ORDER

16 Civ. 1608 (GBD) (RWL)

GEORGE B. DANIELS, United States District Judge:

    Plaintiff Patrice Dawson, *pro se*, brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII") against William Brock Long, Administrator of the Federal Emergency Management Agency ("FEMA"). Plaintiff asserts that he was subjected to discrimination, retaliation, and a hostile work environment while employed by FEMA as an Information Technology ("IT") Specialist at FEMA. (Compl., ECF No. 2.) On December 28, 2017, the Defendant moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure (*See* Mot. for Sum. J., ECF No. 32.)

    Before this Court is Magistrate Judge Robert W. Lehrburger's August 20, 2018 Report and Recommendation ("Report," ECF No. 47), recommending that Defendant's motion for summary judgment be granted.[1] (*Id.* at 43.) Magistrate Judge Lehrburger advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.*) No objections have been filed.

---

[1] The relevant procedural and factual background is set forth in greater detail in the Report, and is incorporated herein.

Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report in full.

## I.     LEGAL STANDARDS

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth within a magistrate judge's report. 28 U.S.C. § 636(b)(1). Portions of a magistrate judge's report to which no or merely perfunctory objections have been made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006). Clear error is present only when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *Brown v. Cunningham*, No. 14-CV-3515 (VEC)(MHD), 2015 WL 3536615, at *4 (S.D.N.Y. June 4, 2015) (citations omitted).

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Gayle v. Gonyea*, 313 F.3d 677, 682 (2d Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is material when "it 'might affect the outcome of the suit under the governing law.'" *Gayle*, 313 F.3d at 682 (quoting *Anderson*, 477 U.S. at 248).

The party seeking summary judgment has the burden of demonstrating that no genuine issue of material fact exists. *See Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002). In turn, to defeat a motion for summary judgment, the non-moving party must raise a genuine issue of material fact. To do so, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts," *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)), and it "may not rely on conclusory allegations or unsubstantiated speculation,"

2

*Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001) (quoting *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998)). Rather, the non-moving party must produce admissible evidence that supports its pleadings. *See First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289–90 (1968). In this regard, "[t]he 'mere existence of a scintilla of evidence' supporting the non-movant's case is also insufficient to defeat summary judgment." *Niagara Mohawk Power Corp. v. Jones Chem., Inc.*, 315 F.3d 171, 175 (2d Cir. 2003) (quoting *Anderson*, 477 U.S. at 252).

In determining whether a genuine issue of material fact exists, the court must construe the evidence in the light most favorable to the non-moving party and draw all inferences in that party's favor. *See Niagara*, 315 F.3d at 175. The court's task is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. Summary judgment is therefore "improper if there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party." *Marvel*, 310 F.3d at 286.

## II. <u>DEFENDANT'S MOTION FOR SUMMARY JUDMENT IS GRANTED</u>

### 1. Plaintiff Failed to Timely Exhaust Administrative Remedies.

The Report correctly found that Plaintiff failed to timely exhaust the administrative remedies at his disposal as to claims arising before December 7, 2013, because he did not timely initiate the formal Equal Employment Opportunity (EEO) process. (Report at 12.) Prior to filing suit in federal court under Title VII, a federal government employee must "exhaust the administrative remedies at [his] disposal." *Mathirampuzha v. Potter*, 548 F.3d 70, 74 (2d Cir. 2008). Specifically, the employee "must initiate contact with a Counselor within *45 days* of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 42 U.S.C 29 C.F.R. § 1614.105(a)(1) (emphasis added). The

3

record shows that Plaintiff contacted the EEO counselor to initiate the formal EEO process on January 21, 2014.[2] (Report at 14.)

The Report also correctly found that there is no evidence warranting equitable tolling, waiver, or equitable estoppel in this case. (Report at 15–19). As such, none of these exceptions excuse the Plaintiff's failure to timely exhaust the administrative remedies at his disposal. This means that he failed to pursue any available administrative remedies for any claims that arose prior to December 7, 2013.[3]

### 2. Plaintiff's Employment Discrimination Claim Fails.

Even if Plaintiff's employment discrimination claims predating December 7, 2013 were properly before this Court, summary judgment in Defendant's favor is warranted. As the Report correctly noted, Plaintiff must establish a *prima facie* case that "(1) [he] is a member of a protected class; (2) [he] is qualified for [his] position; (3) [he] suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination." *Vega v. Hempstead Union Free School Dist.*, 801 F.3d 72, 82–83 (2d Cir. 2015) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). If Plaintiff successfully establishes his *prima facie* case, then Defendant must "articulate some legitimate, non-discriminatory reason" for the disparate treatment that is not pretextual. *Id.* at 83.

In this case the Report found that, although the first three prongs of the *McDonnell Douglas* test are satisfied, Plaintiff provides no evidence that would allow a reasonable trier of fact to infer

---

[2] The Report incorrectly states on p. 14 that Plaintiff initiated the formal EEO process on "January 21, 2018." (Report at 14.) This is a typographical error in light of the multiple other references to the filing date of Plaintiff's EEO complaint as "January 21, 2014." (Report at 9, 13, 35, 36, 37, and 38.)

[3] Although Plaintiff met with an EEO counselor on November 10, 2013, he decided not to initiate the EEO process at that time because his supervisor was demobilizing.

4

discrimination. (Report at 24.) At best, Plaintiff makes conclusory assertions that he was discriminated against by his supervisors for being African American. (*Id.*) These conclusory allegations are insufficient at summary judgment. *See Patterson v. County of Oneida, N.Y.*, 375 F.3d 206, 222 (2d Cir. 2004). In fact, Plaintiff withdrew his employment discrimination claim during his deposition. (Report at 24–25.)[4] Furthermore, there is no evidence on the record that Defendant favored similarly situated employees outside of Plaintiff's protected group. (*Id.*)

Even if Plaintiff had presented sufficient evidence for a *prima facie* inference of discrimination, the Magistrate Judge correctly found ample evidence that Plaintiff was denied overtime and ultimately terminated because FEMA was downsizing, and there were numerous reports of poor job performance and insubordination. (Report at 26.) These are legitimate, non-discriminatory reasons for Defendant's actions adverse to Plaintiff's employment that are not pretextual. *See Hartley v. Rubio*, 785 F. Supp. 2d 165, 178–179 (S.D.N.Y. 2011). Accordingly, summary judgment is GRANTED to Defendant on Plaintiff's discrimination claim.

### 3. Plaintiff's Retaliation Claim Fails.

The Report also correctly concluded that Plaintiff failed to show that he was denied overtime or terminated in retaliation for engaging in protected activity under Title VII. For a successful retaliation claim under the *McDonnell Douglas* framework, Plaintiff must establish a *prima facie* case that "(1) [he] was engaged in protected activity; (2) the employer was aware of that activity; (3) [he] suffered a materially adverse action; and (4) there was a causal connection between the protected activity and that adverse action." *Lore v. City of Syracuse*, 670 F.3d 127, 157 (2d Cir. 2012). If Plaintiff successfully makes this *prima facie* case, Defendant must then

---

[4] At the deposition, Plaintiff was asked ". . . are you withdrawing the claim that defendants discriminated against you based on your race?" He responded, "Yes." He then clarified that he was only pursuing "[r]etaliation." (Report at 24–25.)

"articulate some legitimate, non-retaliatory reason for the employment action." *Zann Kwan v. Andalex Group LLC*, 737 F.3d 834, 845 (2d Cir. 2013).

Here, the Report found that Defendant knew that Plaintiff had engaged in protected activity when he met with his supervisors on November 8, 2013, and complained that they were "racially discriminating against [him]." (Report at 30.) Plaintiff also engaged in protected activity when he spoke to the EEO counselor on November 10, and when he filed his EEO complaint on January 21, 2014. (*Id.*) There is also no dispute that Plaintiff suffered adverse employment actions after he engaged in these protected activities, because he was denied overtime in December 2013, and he was terminated in January 2014. (*Id.* at 31.)

Even though the first three prongs of the *McDonnell Douglas* test are satisfied, the Report properly found that there is no direct evidence of retaliatory animus on the record, so Plaintiff must rely on indirect evidence to show that his protected activity caused Defendant to deny him overtime and ultimately terminate his employment. (*Id.* At 34–35.) Plaintiff provides no such evidence. First, an inference of retaliation cannot be made where "[the employer] concededly was contemplating the [adverse employment action] before it learned of the [protected activity]." *Clark Cty. School Dist. v. Breeden*, 532 U.S. 268, 272 (2001). Indeed, Defendant's issues with Plaintiff's job performance and insubordination began well before his protected activity, and there is sufficient evidence on the record that Defendant was considering terminating Plaintiff well before he initiated formal EEO proceedings. (Report at 37.)

Second, the Report found no evidence that any of Plaintiff's supervisors knew about his protected activities prior to denying him overtime or terminating him. (*Id.* at 38.) Without any evidence of the supervisors' prior knowledge, there is no triable issue of fact that Plaintiff's protected activities caused the adverse employment actions. *See Breeden*, 532 U.S. at 273

("[T]here is no indication that [the supervisor] even knew about the right-to-sue letter when he proposed [the adverse employment action].").

Even if Plaintiff had put forth sufficient evidence to support a *prima facie* case of retaliation, which he had not, Defendant had legitimate and non-retaliatory reasons to deny Plaintiff overtime and to terminate him, namely, multiple incidents of insubordination and poor work performance. (Report at 39–40.) Plaintiff's conclusory allegations that his supervisors' criticisms were retaliatory and "fraudulent" are insufficient to satisfy his burden of showing that they were pretextual. (*Id.*) Accordingly, summary judgment is GRANTED to Defendant on Plaintiff's retaliation claim.

### 4. Plaintiff's Hostile Work Environment Claim Fails.

Finally, the Report correctly determined that, after considering the totality of the circumstances, Plaintiff failed to meet his burden of showing that "[his] workplace [was] permeated with discriminatory intimidation, ridicule, and insult that [was] sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive work environment." *Littlejohn v. City of New York*, 795 F.3d 297, 320–21 (2d Cir. 2015) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). Plaintiff alleges that a supervisor threw a form at him, his supervisor mocked his name on one occasion, he was required to work in a seat that was close to his supervisor, he was not given administrative rights to access certain information on the FEMA servers, he received emails and memoranda critical of his work ethic and professionalism, he was not given overtime hours, he was asked to file network forms, and he was asked to help a user during work hours instead of eating a meal. (Report at 41.) However, none of these allegations, either individually or in the aggregate, constitute "discriminatory intimidation," "ridicule," or "insult" sufficiently sever or pervasive for a trier of fact to find that Plaintiff was subjected to a hostile work environment. *See e.g. Littlejohn*, 795 at 321 (finding no hostile work environment

even though the plaintiff's supervisor made negative statements about her, was impatient and used harsh tones with her, avoided her when she was nearby, declined to meet with her, required her to recreate reasonable accommodation logs, replaced her at meetings, wrongfully reprimanded her, increased her reporting schedule, and sarcastically told her "you feel like you are being left out," and that she did not "understand the culture" at the workplace.). Accordingly, summary judgment is GRANTED to Defendant on Plaintiff's hostile work environment claim.

### III. <u>CONCLUSION</u>

Magistrate Judge Lehrburger's Report and Recommendation is adopted. The Defendant's motion for summary judgment, (ECF No. 32), is GRANTED.

Dated: New York, New York
September 20, 2018

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge